People v Laboriel (2021 NY Slip Op 04150)





People v Laboriel


2021 NY Slip Op 04150


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-03799
 (Ind. No. 2068/17)

[*1]The People of the State of New York, respondent,
v
Amin Laboriel, appellant. 

 



DECISION & ORDER
Motion by the defendant for leave to reargue the defendant's appeal, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed March 6, 2019, which was determined by decision and order of this Court dated February 10, 2021.
Upon the papers filed in support of the motion and the papers filed in relation thereto, it is
ORDERED that the motion is granted, and, upon reargument, the decision and order of this Court dated February 10, 2021 (People v Laboriel, 191 AD3d 802) in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:
Paul Skip Laisure, New York, NY (Lisa Napoli of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Hannah X. Scotti of counsel), for respondent.
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Richard L. Buchter, J.), imposed March 6, 2019, upon his plea of guilty, on the grounds that the sentence was illegal and excessive.
ORDERED that the sentence is affirmed.
The sentence imposed was not illegal (see People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187; People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 36 NY3d 251) or excessive (see People v Suitte, 90 AD2d 80). To the extent that the defendant challenges the validity of his plea of guilty, this contention is improperly raised on this excessive sentence appeal (see 22 NYCRR 670.11[b]).
LASALLE, P.J., MASTRO, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court